**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ted A. NEFF, Defendant–Appellant.**

**No. 91–5007.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 28, 1992.

---

Lowell H. Becraft, Jr., Huntsville, Ala., for defendant-appellant.

Brett Dignam, Robert Lindsay, Michael E. Karam, Alan Hechtkopf, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before COX, Circuit Judge, JOHNSON [1] and REAVLEY [2], Senior Circuit Judges.

## PER CURIAM:

A jury found Ted A. Neff guilty of evading his federal income taxes for the years 1983, 1984, 1985, and 1986 under 26 U.S.C. § 7201. Although Neff never claimed to

have filed federal income tax returns for these years (the Returns), at trial he claimed that the government could not prove that he did not file. The district court sentenced Neff to two years imprisonment, fined him $700,000, and ordered him to pay $81,816 in back-taxes plus interest and penalties as restitution. Two points merit discussion.

### A. PUBLIC RECORDS ACT

■ Before trial, the district court rejected Neff's contention that the Paperwork Reduction Act of 1980, 44 U.S.C. § 3501 *et seq.* (PRA), bars this prosecution.

Congress enacted the PRA to limit as much as practical federal agencies' information requests that burden the public. *See Dole v. United Steelworkers of America*, 494 U.S. 26, 32–33, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990). So "Congress designated [the Office of Management and Budget (OMB)] the overseer of other agencies with respect to paperwork...." *Id.* (emphasis added). As part of its enforcement scheme, Congress included a "Public Protection" provision in the PRA:

> Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved ... does not display a current control number assigned by the [OMB] Director....

44 U.S.C. § 3512. Neff claims that he cannot be penalized for failing to file the Returns because Treas.Reg. § 1.6091–2 (as amended in 1978), which states where income tax returns must be filed, does not have an OMB control number.

We state only the most obvious reason for rejecting Neff's claim. Congress created Neff's duty to file the Returns in 26 U.S.C. § 6012(a), and nowhere did Congress condition this duty on any Treasury regulation. *See United States v. Wunder*, 919 F.2d 34, 38 (6th Cir.1990). Congress did not enact the PRA's public protection provision to allow OMB to abrogate any duty imposed by Congress. *See Dole*, 494

---

**1.** *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

**2.** Honorable Thomas M. Reavley, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

U.S. at 32–33, 110 S.Ct. at 933; *United States v. Hicks,* 947 F.2d 1356, 1359–60 (9th Cir.1991); *Wunder,* 919 F.2d at 38. So the PRA provides Neff no refuge from his statutorily-imposed duty to file income tax returns.

### B. Resentencing

█ The government concedes that the district court improperly ordered Neff to pay restitution. Neff contends that, under *United States v. Cochran,* 883 F.2d 1012, 1015 (11th Cir.1989), his entire sentence must be vacated and this case remanded for resentencing. But *Cochran* and *United States v. Rosen,* 764 F.2d 763, 767 (11th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986), only permit, as opposed to require, us to remand a case for resentencing upon concluding that part of a sentence is illegal. *See Cochran,* 883 F.2d at 1015 n. 6 (this court "could remand the case to the district court for resentencing on all counts"). We see no justification for prolonging this case by directing the district court to do what we can do.

We VACATE the last paragraph of the district court's judgment concerning restitution and otherwise AFFIRM.