JOHN F. FREAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Freas v. Commissioner
Docket Nos. 12948-91, 20155-91
United States Tax Court
T.C. Memo 1993-552; 1993 Tax Ct. Memo LEXIS 556; 66 T.C.M. (CCH) 1413; November 23, 1993, Filed *556 Decision will be entered for respondent. John F. Freas, pro se. For respondent: Keith L. Gorman. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: These cases were consolidated for purposes of trial, briefing, and opinion. Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Docket No. 12948-91
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1985
$ 19,444
$ 4,861
$ 972
[1]
1986
2,624
628
--
--
1987
10,326
2,582
--
--
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654
1985
-- --
$ 1,143
1986
$ 131
[2] 127
1987
516
[3] 557
Docket No. 20155-91
Additions to Tax
Sec. Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1988
$ 13,261
$ 3,276
$ 663
--
1989
10,749
2,543
-- --
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654
1988
--
--
$ 831
1989
--
--
667
*557 Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. These cases were submitted fully stipulated under Rule 122. We incorporate by reference the stipulation of facts and attached exhibits. The issues for decision are: (1) Whether respondent's alleged failure to comply with the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (1988), bars the assessment and collection of the additions to tax on the deficiencies in years 1985 through 1989; and (2) whether the Court should grant respondent's motion for sanctions under section 6673. Petitioner also alleged that respondent's failure to comply with the PRA bars the assessment and collection of statutory interest. We will not address that issue as this Court does not have jurisdiction over interest accruing on unassessed deficiencies. See 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352 (1987); LTV Corp. v. Commissioner, 64 T.C. 589 (1975). We hold that petitioner is liable for *558 additions to tax. In addition, we grant respondent's motion for sanctions under section 6673 and require that petitioner pay a penalty in the amount of $ 15,000 to the United States. Petitioner failed to file Federal income tax returns for the years 1985 through 1989. Petitioner conceded that he received taxable income in the years at issue and the parties agreed on the amounts of income received. Petitioner lived in Salem, New Jersey, at the time the petitions in these cases were filed. Issue 1. Petitioner's Liability for Additions to Tax
In instituting these proceedings, petitioner is relying solely on certain arguments concerning the PRA that were hinted at in his petition for docket No. 20155-91, and expounded on in his briefs for both cases. Petitioner agrees that his cases are won or lost on these arguments because he has stipulated that, if we reject them, he will concede all the determinations contained in respondent's notices of deficiency. Respondent contends that because petitioner did not raise any arguments concerning the PRA in his amended petition for docket No. 12948-91, he cannot now do so. Given our holding on the PRA issue, we do not need to consider *559 respondent's alternative argument. In general, the PRA requires Federal agencies requesting information from the public to obtain approval from the U.S. Office of Management and Budget (OMB) for all "information collection requests" and that an OMB control number be displayed on the information request. 44 U.S.C. sec. 3507(a)(3), (f) (1988). If information requests fail to display the required OMB control numbers, "no person shall be subject to any penalty for failing to maintain or provide information to any agency". 44 U.S.C. sec. 3512. Relying on this provision, petitioner argues that, because the regulations and instructions to which he would have referred had he filed tax returns did not contain OMB numbers, he cannot be penalized for failure to file. A number of courts have addressed petitioner's argument and have held that the PRA does not apply to either Federal income tax regulations or to the instructions accompanying Federal tax forms because such documents are not information collection requests; rather, they are designed to help taxpayers complete tax forms and more easily comply with information *560 collection requests. See Salberg v. United States, 969 F.2d 379 (7th Cir. 1992); United States v. Holden, 963 F.2d 1114 (8th Cir. 1992); United States v. Dawes, 951 F.2d 1189 (10th Cir. 1991); United States v. Crocker, 753 F. Supp. 1209 (D. Del. 1991); see also Dole v. United Steelworkers, 494 U.S. 26 (1990). Several Courts of Appeals have also rejected petitioner's argument on the grounds that the requirement to file tax returns is mandated by statute, not by regulation, and statutes are not subject to the PRA. See Salberg v. United States, supra; United States v. Neff, 954 F.2d 698 (11th Cir. 1992); United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991); United States v. Wunder, 919 F.2d 34 (6th Cir. 1990). This Court has found both analyses persuasive and, in any event, both lead us to the same result. Our research *561 has not located, and the parties have not referred us to, any cases in which this Court has heard and accepted petitioner's arguments concerning the PRA. Because the cases in which this Court has heard and rejected such arguments are too numerous to cite, we cite the following as examples: Aldrich v. Commissioner, T.C. Memo. 1993-290; McCart v. Commissioner, T.C. Memo. 1993-96; McDonald v. Commissioner, T.C. Memo. 1992-586; Pekrul v. Commissioner, T.C. Memo. 1992-455, affd. without published opinion 993 F.2d 884 (9th Cir. 1993); DiCarlo v. Commissioner, T.C. Memo. 1992-280; Ferguson v. Commissioner, T.C. Memo. 1992-95, affd. without published opinion 995 F.2d 223 (5th Cir. 1993), cert. denied    U.S.     (1993); Nulsen v. Commissioner, T.C. Memo. 1991-495. Accordingly, we reject petitioner's argument that the PRA prohibits respondent from assessing additions to tax with respect to his failure to file Federal *562 income tax returns. Issue 2. Section 6673 Penalty
Respondent filed a motion for a penalty pursuant to section 6673 because, respondent contends, petitioner is asserting a position that is groundless and is maintaining this proceeding primarily for delay. Section 6673(a)(1) provides in pertinent part: [1]
(1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceedings is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. The purpose of section 6673 is to compel a taxpayer *563 to think and to conform his conduct to settled principles before he litigates or continues to maintain a proceeding. A petition to the Tax Court is frivolous if it is unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Both the Court and respondent's counsel provided petitioner with citations to numerous cases concluding that the same arguments as those made by petitioner lacked any basis in fact or law and were legally frivolous. In addition, respondent's counsel warned petitioner that if he pursued his arguments, respondent would seek a penalty under section 6673. The record in this case establishes that petitioner had no interest in disputing the merits of either the deficiencies or the additions to tax determined by respondent. Apparently working from some type of canned brief or handbook, petitioner has raised only the tired, discredited arguments that have been rejected by this Court and many other courts. We find that petitioner lacked any arguable basis in fact or law to contend that the regulations and the Form 1040 instruction booklets did not comply with the *564 PRA. Petitioner continues to raise the same unfounded arguments that this Court has repeatedly found meritless and warranting the imposition of sanctions. In addition, petitioner's assertions have resulted in the waste of valuable governmental and judicial resources. We grant respondent's motion and require petitioner to pay the United States a penalty of $ 15,000. Decisions will be entered for respondent. Footnotes
1. 50 percent of the interest due on $ 19,444. ↩
2. 50 percent of the interest due on $ 2,624. ↩
3. 50 percent of the interest due on $ 10,326. ↩
1. Sec. 6673(a)(1) was amended by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, and applies to positions taken after Dec. 31, 1989, in proceedings pending on or commenced after such date.↩