T.C. Memo. 2005-281

UNITED STATES TAX COURT

GLEN B. SILVER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15740-04.                    Filed December 5, 2005.

Glen B. Silver, pro se.

Kevin M. Murphy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies of
$34,578.07 and $34,855 in petitioner's Federal income taxes for
2001 and 2002, respectively.  Respondent also determined that
petitioner was liable for additions to tax of $3,344.45 and
$1,666.11 under section 6651 and $426.25 and $217.06 under
section 6654 for those years, respectively.  Because petitioner

did not raise any bona fide dispute with respect to the amounts determined by respondent, the only issue for decision is the appropriate amount of a penalty under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner resided in New York at the time that he filed his petition. During the years in issue, petitioner was employed by LSI Logic Corp. Petitioner received wages of $60,796.32 in 2001 and $98,452.38 in 2002 from LSI Logic Corp. Those wages were reported to the Internal Revenue Service (IRS) on Forms W-2, Wage and Tax Statement.

During 2002, petitioner received a distribution from Charles Schwab Trust Co., Trustee, in the amount of $33,112.44. That distribution was reported to the IRS on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.

Petitioner failed to file Federal income tax returns for 2001 and 2002. Based on reports received from LSI Logic Corp. and Charles Schwab Trust Co., Trustee, and other third-party payers, respondent made the determinations set forth in the notices of deficiency.

Petitioner filed two prior cases in this Court (and one subsequent case). Docket No. 3112-03 involved petitioner's Federal income tax liability for 1997, 1998, and 2000. In an oral opinion rendered September 21, 2004, the Court sustained deficiencies and additions to tax under sections 6651(a)(1) and 6654(a) for each of those years. In addition, the Court stated:

> I am also granting * * * the government's motion for a penalty under Section 6673. As I did yesterday, I will make it in the relatively low amount of $3,000, but noting that the Court's official records show that Mr. Silver has filed a case docketed in the '04 year, I urge him to reconsider any positions he takes that may result in an increase in penalties for making similar arguments in that case when it's called next year about this time.

The reference to "yesterday" was to the Court's oral opinion rendered on September 20, 2004, in docket No. 15785-02L, a case in which petitioner contested collection efforts with respect to his tax liability for 1995 and 1996. The Court, in docket No. 15785-02L, explained that petitioner's arguments in that case were frivolous, and the Court granted a motion for sanctions under section 6673 in the amount of $3,000.

## OPINION

In the petition in this case, petitioner alleged that he "did not receive any taxable income from any taxable source or activity during the years 2001 and 2002." Petitioner also alleged that he would be entitled to deductions, allowances, and credits, but he did not specify the nature or amounts of any such

items.  In his trial memorandum, petitioner identified the issue as "Whether the Petitioner received the income alleged in the Statutory Notices of Deficiency."  He argued that the Government had the burden of proving unreported income.  Petitioner did not identify the nature or amount of any deductions to which he might be entitled.  At the time of trial, petitioner relied on his view of the Government's burden of proof.  Petitioner declined to testify at the trial.  His failure to produce evidence is a ground for dismissal or for determination of the affected issues against him.  Rule 149(b).

At the trial, respondent presented the records of LSI Logic Corp. and the Charles Schwab Trust Co., Trustee, concerning payments made to petitioner during 2000 and 2001.  Those records were authenticated by declarations from the custodians of the records of each of the payers.  Although petitioner objected to the records, the records were received pursuant to rules 803(6) and 902(11), Federal Rules of Evidence, and 28 U.S.C. section 1746 (2000) (declarations under penalty of perjury).

Respondent also introduced Certificates of Official Record, under seal, consisting of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2001 and 2002, and an Information Returns Master File Transcript For The Tax Years 2002 and 2001 for petitioner.  Those records were received, over

petitioner's objection, under rules 803(8), 803(10), and 902(1), Federal Rules of Evidence.

Petitioner has failed to present any reasonable dispute with respect to any item included in the notices of deficiency for 2001 and 2002. In these circumstances, respondent was entitled to rely on the third-party information. See sec. 6201(d); Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997). Petitioner had the burden of identifying and proving any deductions to which he might be entitled. See, e.g., Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. He failed to do so and has not shown that respondent's determination is in any way erroneous.

The Forms 4340 also satisfy respondent's burden of production with respect to the additions to tax in issue. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-449 (2001).

Section 6673(a)(1) provides:

SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Petitioner did not specify in this case his theory why his wages and other income are not taxable. All of the items included in respondent's determination of income are identified as gross income in section 61 and taxable under sections 1 and 63. Arguments that wages are not taxable income, in whatever form they appear, have been repeatedly and resoundly rejected in innumerable cases, leading to sanctions against taxpayers at the trial and appellate levels. See, e.g., Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986); Connor v. Commissioner, 770 F.2d 17 (2d Cir. 1985).

Respondent has asked for a penalty in the maximum amount of $25,000 in this case because, despite warnings a year earlier, petitioner continued to maintain the same frivolous positions and to impose extra burdens on respondent in securing evidence that should have been stipulated by petitioner.

The purpose of section 6673 is to deter litigants from pursuing frivolous and dilatory claims that impose needless costs on the courts and on respondent. See, e.g., Coleman v. Commissioner, supra at 72; Abrams v. Commissioner, 82 T.C. 403 (1984). Considering prior notice to petitioner that his claims were frivolous and the amounts involved, respondent's motion for

sanctions will be granted, and the maximum penalty under section 6673 in the amount of $25,000 will be awarded to the United States.

We take judicial notice that petitioner has filed a fourth petition in this Court, docket No. 14694-05. Needless to say, if he pursues the same arguments in that case, he may expect an additional penalty under section 6673.

To reflect the foregoing,

<u>An appropriate order and decision for respondent will be entered</u>.