T.C. Memo. 2006-52


UNITED STATES TAX COURT


DAVID H. SAXON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17981-05.                    Filed March 23, 2006.


David H. Saxon, pro se.

<u>James L. May, Jr.</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  Respondent determined a $130,095.30
deficiency in petitioner's 2003 Federal income tax, a $29,271.44
addition to tax under section 6651(a)(1), a $7,155.24 addition to
tax under section 6651(a)(2), and a $3,356.85 addition to tax

under section 6654(a).[1]  This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted and to impose a penalty under section 6673 (motion to dismiss).

## Background

When the petition in this case was filed, petitioner resided in Maryville, Tennessee.

Petitioner failed to file an income tax return for 2003.  In addition, he failed to pay any tax for 2003, including estimated income tax.

On September 26, 2005, petitioner filed a petition with the Court seeking judicial review of respondent's aforementioned determination of the deficiency and additions to tax for 2003. In the petition, petitioner alleges he was required to file a return only if (1) the Secretary through a designated delegate obtained approval from the Office of Management and Budget (OMB) for a valid control number appearing on the form petitioner is required to file and authorizing the collection of income tax information and (2) petitioner's income exceeds the exempt amount under section 151(d).  No meaningful facts supporting

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner's claims of error with respect to respondent's determinations for 2003 are contained in the petition.

On October 27, 2005, respondent filed the motion to dismiss, asserting that in the petition petitioner makes no claims of factual error and asserts only frivolous law and legal conclusions. Respondent posits that petitioner has not alleged any justiciable error with respect to the determinations set forth in the notice of deficiency or any facts in support of any error. On December 27, 2005, petitioner filed his notice of objection to respondent's motion to dismiss.[2]

### Discussion

Rule 34(b)(4) provides that a petition filed in this Court shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Further, Rule 34(b)(5) provides that the petition

---

[2]Respondent filed a motion to dismiss on similar grounds in petitioner's lien and levy case at docket No. 16369-05L (collection case). A hearing on respondent's motion in the collection case was held on Dec. 21, 2005. Petitioner did not appear at that hearing. On Dec. 23, 2005, the Court entered an order of dismissal and decision in the collection case. On Dec. 27, 2005, the Court received petitioner's statement of position with respect to the collection case. See Rule 50(c).

Although no hearing had been set for arguments on respondent's motion to dismiss in this case, on Dec. 27, 2005, petitioner filed a premature written statement of his position with respect to respondent's motion to dismiss. The Court concludes that a hearing is unnecessary for the proper disposition of respondent's motion to dismiss.

shall contain "Clear and concise lettered statements of the facts on which the petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner."  Any issue not raised in the pleadings is deemed conceded.  Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980).  The Court may dismiss a case at any time and enter a decision against a taxpayer for failure to comply with the Court's Rules.  Rule 123; see Goza v. Commissioner, 114 T.C. 176 (2000); Klein v. Commissioner, 45 T.C. 308 (1965); Stephens v. Commissioner, T.C. Memo. 2005-183; White v. Commissioner, T.C. Memo. 1981-609.

The petition includes allegations that respondent failed to demonstrate that petitioner is liable for Federal income taxes. Petitioner claims that he is not liable for Federal income taxes because the OMB control number, 1545-0074, on the Form 1040, U.S. Individual Income Tax Return, for 2003 is invalid and does not comply with the requirements of the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (2000).  None of petitioner's allegations states a claim on which relief may be granted.

Claims that violation of the PRA excuses a taxpayer from filing returns and/or paying taxes have been considered and universally rejected as meritless by this and other courts.  See,

e.g., James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992); United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992); Freas v. Commissioner, T.C. Memo. 1993-552; Andreas v. Commissioner, T.C. Memo. 1993-551.

Petitioner argues that he is not obligated to pay Federal income tax because (1) the Internal Revenue Code does not assign a value to the "exempt amount", (2) the "exempt amount" appears in IRS publications and instructions "ex post facto", and (3) he is not required "to comply with a law 'ex post facto'". Petitioner's argument is incomprehensible.  If petitioner means to assert that the taxation of income in excess of the exempt amount is an ex post facto law in violation of Article I of the Constitution, that argument has no merit.  The constitutional prohibition against ex post facto laws applies only to penal legislation that imposes or increases criminal punishment for conduct predating its enactment.  Harisiades v. Shaughnessy, 342 U.S. 580, 594 (1952).  The Ex Post Facto Clause is not applicable in a civil context.  Johannessen v. United States, 225 U.S. 227, 242 (1912).  The Federal income tax imposed under the Internal Revenue Code is not penal legislation and does not impose or increase criminal punishment.  Accordingly, imposition of Federal income tax on income in excess of the exempt amount does not violate the Ex Post Facto Clause of the U.S. Constitution.  See Karpa v. Commissioner, 909 F.2d 784 (4th Cir. 1990) (retroactive

increase in penalty imposed for substantial understatement did not violate the Ex Post Facto Clause of the U.S. Constitution), affg. T.C. Memo. 1989-535; DiLeo v. Commissioner, 96 T.C. 858, 878 (1991) (amendment of section 6661 does not violate the Ex Post Facto Clause of the U.S. Constitution), affd. 959 F.2d 16 (2d Cir. 1992); Lyle v. Commissioner, T.C. Memo. 1999-184 (section 86 does not violate the Ex Post Facto Clause of the U.S. Constitution), affd. without published opinion 218 F.3d 744(5th Cir. 2002).

Lastly, petitioner maintains that unsubstantiated statements on Forms 1099 that he received income from third parties are not sufficient to support respondent's determinations in the notice of deficiency because the statements were not made under penalty of perjury.[3]  However, when a petition does not contain a justiciable assignment of error with respect to the Commissioner's determination, the Commissioner need not provide the foundation for his determination.  See Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir. 1988) (sustaining a Tax Court order dismissing taxpayers' case for failure to prosecute).  Petitioner has failed to assign error in the manner required by Rule 34(b)(4) and (5) with respect to any item included in the notice of deficiency for 2003.  Consequently, respondent was entitled to

---

[3]Apparently, respondent determined petitioner's income for 2003 on the basis of third-party information.

rely on the third-party information to determine petitioner's income for 2003. See sec. 6201(d); Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997) (when the taxpayer files no return or other sworn statement denying receipt of unreported income, the Commissioner has no duty to investigate a third-party payment report); Silver v. Commissioner, T.C. Memo. 2005-281; Martinez v. Commissioner, T.C. Memo. 2005-213; White v. Commissioner, T.C. Memo. 1997-459.

In sum, we find that petitioner failed to state in the petition any justiciable basis on which this Court may grant him relief. Because petitioner has failed to state a claim for which relief can be granted, we shall grant respondent's motion to dismiss as to the deficiency in income tax for 2003 in the amount set forth in the notice of deficiency. See Funk v. Commissioner, 123 T.C. 213, 216-217 (2004) (finding that a petition and an amended petition failed to state a claim upon which relief could be granted when they lacked a clear statement of error and contained "nothing more than frivolous rhetoric and legalistic gibberish").

Petitioner's failure to file and pay tax (including estimated income tax) was not due to reasonable cause, but rather due to willful neglect. Accordingly, we find that the additions to tax under sections 6651(a)(1), 6651(a)(2) and 6654 are

applicable in the respective amounts set forth in the notice of deficiency.

Respondent requests that this Court impose a penalty pursuant to section 6673 because petitioner has instituted this proceeding primarily for delay. Respondent contends that petitioner's position is groundless and/or frivolous, and that petitioner filed his petition as a protest to paying income taxes.

Section 6673(a)(1) provides that this Court may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that: (1) The taxpayer instituted or maintained the proceedings primarily for delay; (2) the taxpayer's position in the proceeding is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.

We have previously imposed a penalty pursuant to section 6673(a)(1) against petitioner for asserting arguments similar to those advanced herein. In docket No. 16369-05L, petitioner raised similar frivolous arguments with respect to collection of his income tax liabilities for 2000, 2001, and 2002, and respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted and to impose a penalty under section 6673. On December 23, 2005, this Court entered an order of dismissal and decision in docket No. 16369-05L that respondent

could proceed with the collection of petitioner's tax liabilities for 2000, 2001, and 2002, and we imposed a $5,000 penalty pursuant to section 6673(a)(1).

We find that petitioner has asserted frivolous and groundless arguments in this proceeding which are similar to those advanced in his prior case before this Court. We also find that petitioner instituted this proceeding primarily for delay. Consequently, we hold that petitioner is liable for a $5,000 penalty pursuant to section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered for respondent</u>.