T.C. Memo. 2006-99

UNITED STATES TAX COURT

CHARLES A. SCHNELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14477-05L.                    Filed May 11, 2006.

Charles A. Schneller, pro se.

<u>John W. Sheffield</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination).[1]  At issue is (1) whether respondent abused his

_____

[1]Unless otherwise indicated, all section references are to
(continued...)

discretion in allowing the collection action to proceed, and (2) whether frivolous arguments advanced by petitioner warrant the imposition by the Court of a section 6673(a) penalty. We hold that respondent did not abuse his discretion and that a penalty under section 6673 is not warranted at this time.

## Background

At the time the petition in this case was filed, petitioner resided in Kathleen, Georgia.

In the taxable year 2001, the year at issue, petitioner earned income of approximately $70,000, mostly consisting of wages he earned as an over-the-road driver for Frito-Lay North America (Frito Lay). Petitioner stipulated receiving this income. Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2001. Nor did petitioner file Forms 1040 for the taxable years 2002 to 2004 even though Frito Lay continued to report wages for those years. Respondent prepared a substitute for return (SFR). The SFR reflected a taxable income to petitioner of $72,182. On August 4, 2003, respondent issued a notice of deficiency to petitioner for 2001. Petitioner thereafter filed a petition with this Court, which was dismissed on March 29, 2004, because petitioner never perfected the petition as directed of the Court. In response to a notice

---

[1](...continued)
the Internal Revenue Code, as amended.

of intent to levy, petitioner timely filed Form 12153, Request for a Collection Due Process Hearing. On the Form 12153, petitioner listed his reason for disagreeing with the proposed levy action as "SFR Program--Math error, Disputed Income 26 USC 7214-7123-7491." An Appeals officer contacted petitioner to schedule a conference via telephone. Petitioner advised Appeals that he was unwilling to communicate via telephone. Petitioner's hearing was held via correspondence. Petitioner did not offer any collection alternatives, nor did he raise any spousal defenses. On June 30, 2005, petitioner received a notice of determination upholding the proposed levy action and subsequently filed a timely petition in this Court. Petitioner was cooperative throughout the stipulation and hearing process.

## Discussion

Petitioner advances a plethora of tax protester arguments that attack the underlying tax liability rather than respondent's collection actions. In particular, petitioner argues that the exemption amount, pursuant to section 6012(a)(1)(A), is not defined by statute, and that a lack of a valid control number from the Office of Management and Budget (OMB), as required by the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (2000), excuses a failure to file returns.

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.

Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).

Petitioner received a statutory notice of deficiency for the year at issue, which is evidenced by his previous petition for redetermination of deficiency with this Court, pursuant to section 6213(a). Thus, his underlying tax liability is not properly at issue in this proceeding. Accordingly, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

Nevertheless, petitioner continues to assert frivolous claims. See, e.g., Pond v. Commissioner, T.C. Memo. 2005-255 (rejecting taxpayer's argument that exemption amount is not defined by statute); Saxon v. Commissioner, T.C. Memo. 2006-52 (taxpayer's contention that OMB control No. 1545-0074, on the Form 1040 is invalid and does not comply with the requirements of the PRA is groundless (citing James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992); United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992)). Petitioner does not challenge the appropriateness nor the intended method of collection. Neither does petitioner offer any alternative means of collection or

raise any spousal defenses. Petitioner's only argument relating to respondent's collection actions is that respondent abused his discretion in relying on the Form 4340, Certificates of Assessments, Payments, and Other Specified Matters, to verify the assessment, an argument we have previously rejected. Davis v. Commissioner, 115 T.C. 35, 40 (2000).[2] Petitioner has not presented any evidence or arguments to convince us that respondent abused his discretion. As a result, we hold respondent's determination was not an abuse of discretion, and respondent may proceed with the proposed collection actions. See Sego v. Commissioner, supra at 612.

Respondent has asked the Court to impose a penalty under section 6673(a). Although petitioner has presented frivolous arguments, we find that petitioner's cooperation in the stipulation process mitigated the delay, and therefore we choose not to impose the penalty at this time. However, petitioner is warned that we may do so in the future if he continues to assert such frivolous claims before this Court.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[2]Petitioner stated this argument in his Motion For Production of Summary Record of Assessment, which this Court denied on Apr. 18, 2006.