T.C. Memo. 2010-44

UNITED STATES TAX COURT

PATRICK R. TURNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29001-08L.                    Filed March 4, 2010.

Patrick Turner, pro se.

<u>Mindy Chou</u> and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This collection review matter is before the
Court on respondent's motion for summary judgment filed pursuant
to Rule 121.[1]  Respondent contends that he is entitled to

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code, unless otherwise indicated.

judgment as a matter of law on whether the Appeals Office correctly determined to sustain the lien filing against petitioner to collect unpaid interest, late filing additions to tax, and late payment additions to tax for the taxable years 1999 and 2000 (years at issue). We shall grant respondent's motion.

## Background

Petitioner resided in Michigan at the time he filed the petition. Petitioner failed to timely file a return for either year at issue. Petitioner eventually filed a return for each year at issue over three years after the filing deadline. On each return, petitioner reported a tax due but failed to pay the reported tax. Respondent then assessed the $124,825[2] tax due shown on the returns and $38,677 of statutory interest under section 6601. Respondent also assessed $28,828 of late payment additions and $25,945 of late filing additions for both years at issue.[3]

Petitioner failed to pay the assessed amounts. Respondent thereafter sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice).[4]

---

[2]All amounts are rounded to the nearest dollar.

[3]Respondent applied a $9,513 withholding credit against petitioner's liabilities.

[4]Petitioner and his wife, Patricia Turner, filed joint returns for the years at issue. Mrs. Turner is not a party to this collection proceeding as the lien notice and determination

(continued...)

Petitioner timely requested a collection due process (CDP) hearing and objected to the imposed interest and additions. Petitioner did not challenge the underlying tax. Petitioner asserted that he was not required to file a tax return for either of the two years at issue based on the Paperwork Reduction Act of 1995 (PRA), 44 U.S.C. section 3512 (2006). Petitioner requested that all additions and interest be abated.

Appeals Officer Thomas Anderson (AO Anderson) was assigned petitioner's collection case. AO Anderson mailed a letter to petitioner to schedule a telephone conference. AO Anderson declined to offer petitioner a face-to-face hearing because petitioner raised only frivolous issues. AO Anderson informed petitioner that to receive a face-to-face meeting he had to assert a non-frivolous issue within a certain period. AO Anderson also requested petitioner to submit a completed Form 433-A, Collection Information Statement.

Petitioner responded by requesting a face-to-face hearing but did not raise any non-frivolous issues. AO Anderson reiterated to petitioner in subsequent phone conversations that he had to raise non-frivolous issues to have a face-to-face hearing. AO Anderson gave petitioner another opportunity to

---

[4](...continued)
notice were issued solely to petitioner. Respondent mailed petitioner and Mrs. Turner a Notice of Intent to Levy and Your Right to a Hearing for tax years 1999, 2000, and 2002. The levy determination is not at issue in this proceeding.

present a non-frivolous issue.  Petitioner failed to submit any other issues and did not provide the necessary financial information for AO Anderson to consider any collection alternatives.  AO Anderson reviewed the material and arguments petitioner presented and determined to sustain the lien filing. AO Anderson sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination notice) sustaining the lien filing.  The determination notice stated that petitioner "has not raised any issues that have not been previously ruled to be frivolous by the United States Tax Court."

Petitioner timely filed an imperfect petition seeking relief from respondent's determination notice.  Petitioner filed an amended petition challenging the assessed interest, late filing additions, and late payment additions under the PRA.  Petitioner does not challenge the self-assessed tax for either year at issue in the petition for review.  As previously mentioned, respondent moved for summary judgment and petitioner filed an objection.

### Discussion

We are asked to decide whether it is appropriate to grant summary judgment in this collection review proceeding.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See, e.g., FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001).  Either party may move for

summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). When a motion for summary judgment is made and supported as provided in Rule 121, the party opposing summary judgment must set forth specific facts which show that a question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Petitioner challenges the assessed interest, late filing additions, and late payment additions asserting that he was not required to file a return because the return violated the PRA. This and other courts have consistently held taxpayers' claims based on the PRA groundless. See, e.g., James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992) (lack of an OMB number on IRS forms and notices does not violate the PRA); United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992) (lack of an OMB number on a Federal income tax return does not violate the PRA); Freas v. Commissioner, T.C. Memo. 1993-552 (PRA does not apply to Federal income tax regulations or to Federal tax forms); Andreas v. Commissioner, T.C. Memo. 1993-551 (PRA does not apply to Federal income tax regulations or to Federal tax forms). Courts

have refused to even consider such arguments so as not to suggest they have any credence. See <u>Schneller v. Commissioner</u>, T.C. Memo. 2006-99. We similarly find that petitioner's arguments regarding the OMB control numbers and the PRA lack merit. Furthermore, petitioner's argument that the PRA prevents respondent from charging interest is without merit. See <u>Wolcott v. Commissioner</u>, T.C. Memo. 2008-153.

Petitioner also challenges the assessed interest, late filing additions, and late payment additions on the grounds that respondent denied him the right to a CDP hearing. Again we disagree. A CDP hearing may consist of one or more written or oral communications between an Appeals officer and the taxpayer. Sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see <u>Katz v. Commissioner</u>, 115 T.C. 329 (2000); <u>Dinino v. Commissioner</u>, T.C. Memo. 2009-284. This Court and other courts have held that a face-to-face CDP hearing is not required under section 6330. <u>Katz v. Commissioner</u>, <u>supra</u> (telephone conference procedurally proper); <u>Williamson v. Commissioner</u>, T.C. Memo. 2009-188 (taxpayer not entitled to face-to-face hearing after asserting only meritless arguments); <u>Stockton v. Commissioner</u>, T.C. Memo. 2009-186 (upholding denial of face-to-face conference after the taxpayer failed to raise non-frivolous issue after multiple opportunities); <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17 (prior telephone conversations constitute CDP hearing); <u>Tilley v.</u>

<u>United States</u>, 270 F. Supp. 2d 731 (M.D.N.C. 2003) (telephone conversations sufficed), affd. 85 Fed. Appx. 333 (4th Cir. 2004). All communications between the taxpayer and the Appeals officer between the time of the hearing request and the issuance of the determination notice constitute part of the CDP hearing. See <u>Middleton v. Commissioner</u>, T.C. Memo. 2007-120; see also <u>Dinino v. Commissioner</u>, <u>supra</u>.

Here, AO Anderson spoke with petitioner on the phone and exchanged written correspondence with petitioner. AO Anderson gave petitioner ample opportunity to raise non-frivolous issues. AO Anderson verified that respondent met the requirements of applicable law and administrative procedures. We find that petitioner had a CDP hearing with AO Anderson. In addition, we find that petitioner has failed to raise any meritorious issue to suggest that it would be productive or appropriate to remand this case to the Appeals Office for further proceedings. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).

Petitioner has raised no legitimate issue, spousal defense, or collection alternative. See sec. 6330(c)(2). Accordingly, these issues are now deemed conceded. See Rule 331(b)(4).

Petitioner has advanced a plethora of groundless arguments. We have specifically warned petitioner on two occasions (one order dated December 7, 2009, and another order dated January 22, 2010) to stop making these frivolous arguments. We informed

petitioner that other taxpayers in similar cases were subject to a section 6673 penalty.[5]  See, e.g., <u>Wolcott v. Commissioner</u>, <u>supra</u>; <u>Schneller v. Commissioner</u>, <u>supra</u>.  Despite these warnings, petitioner has wasted the Court's limited time and resources. See <u>Takaba v. Commissioner</u>, 119 T.C. 285, 295 (2002).  We will not impose a section 6673 penalty at this time but we caution petitioner that should he bring similar arguments before this Court in the future, the Court may impose such a penalty up to $25,000.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.  We conclude that there are no genuine issues of material fact and that respondent is entitled to summary judgment as a matter of law.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5]Sec. 6673 authorizes this Court to require a taxpayer to pay a penalty up to $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.  Sec. 6673(a)(1).