UNITED STATES of America

v.

T. Milton, STREET, Sr., Appellant.

No. 08–4091.

United States Court of Appeals,
Third Circuit.

March 11, 2010.

Bernadette A. McKeon, Esq., Jennifer A. Williams, Esq., Anthony J. Wzorek, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Thomas Milton Street, Ashland, KY, pro se.

Before: AMBRO, SMITH and ALDISERT, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Thomas Milton Street appeals his conviction for three counts of willfully failing to file federal income tax returns for tax

years 2002 through 2004, in violation of 26 U.S.C. § 7203.[1] For the following reasons, we affirm the District Court's judgment.

## I.

In November 2006, Street was indicted on various counts of mail fraud, wire fraud, honest services fraud, assisting in filing false tax returns, and failing to file federal income tax returns. In February 2008, after a two-week trial, a jury convicted Street only for failing to file tax returns. He filed a motion for a stay of sentence pending appeal and a motion for a new trial. The District Court denied the motions, and sentenced Street to 30 months' imprisonment.

## II.

Because Street is proceeding *pro se,* we construe his briefs liberally. He makes four arguments on appeal: (1) the evidence presented at trial was insufficient to establish he willfully failed to file tax returns; (2) the indictment was constructively amended at trial by the evidence, arguments, and jury instructions; (3) the District Court precluded him from presenting a meaningful defense; and (4) he received ineffective assistance of counsel.

### A. Sufficiency of the Evidence

█ Street first challenges the sufficiency of the evidence to convict him for willful failure to file tax returns in 2002 through 2004. To sustain the conviction, the evidence must be sufficient to prove each of the following elements beyond a reasonable doubt: (1) he was required to file the tax returns; (2) he failed to file them; and (3) his failure was willful. *United States v. McKee,* 506 F.3d 225, 244 (3d Cir.2007). "Willfulness requires the voluntary, inten-

tional violation of a known legal duty as a condition precedent to criminal liability." *Id.* at 236 (*citing Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)).

" 'We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence.' " *United States v. Soto,* 539 F.3d 191, 193–94 (3d Cir.2008) (*quoting United States v. Dent,* 149 F.3d 180, 187 (3d Cir.1998)). We will sustain the verdict if, viewing the evidence in the light most favorable to the Government, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* at 194 (*quoting Dent,* 149 F.3d at 187).

At trial, an IRS analyst testified that Street filed federal income tax returns (Form 1040) for the years 1992–2001, but that the IRS did not receive any tax returns from Street for the years 2002–2004. An IRS revenue agent testified about the federal income tax return filing requirements, and the Government presented evidence that Street's income exceeded the base amount triggering those requirements.

The Government also presented the testimony of Street's former accountant, Fred Johnson. In the 1990s, Street enlisted Johnson's firm to bring his taxes up to date. Johnson testified that he prepared Street's tax returns, installment agreements, and extension requests, and that he spoke to Street about his obligation to file a tax return and to make payments under the installment agreement in place with the IRS. Johnson further testified that he did not prepare a tax return for Street in 2002–2004, although he attempted to gath-

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Street did not appeal his sentence.

er Street's personal income and expense information for those years.

Street makes two arguments that this evidence was insufficient to establish his guilt. First, he argues that while there is no dispute he failed to file his tax returns in those years, there was no evidence he failed to "make" the returns. Presumably, Street's theory is that he did not violate 26 U.S.C. § 7203 because his accountant "made" his returns (a strange argument given the accountant's trial testimony that he did not in fact prepare the returns), even though Street admits he did not "file" them. This argument assumes that § 7203's directive to "make" a tax return is different than a requirement to "file" that return.[2] It is not. As the Court of Appeals for the Seventh Circuit has explained, "[m]aking a tax return is a term of art for the combination of completing and filing; any accountant or lawyer would have told [the defendant] so, had he asked." *United States v. Dunkel*, 900 F.2d 105, 108 (7th Cir.1990), *vacated on other grounds*, 498 U.S. 1043, 111 S.Ct. 747, 112 L.Ed.2d 768 (1991). Street's creative reinterpretation of the statute's use of "to make" as "to fill out" or "to complete" is without basis. (Nor, we note, was this theory presented to the jury.)

Second, Street argues that the Government failed to prove willfulness because he had a "good faith belief" that he was not required to file tax returns. Specifically, Street testified he believed that he was not required to fill out IRS Form 1040A because the form did not satisfy the Paperwork Reduction Act ("PRA"). However, the jury heard evidence that Street

had filed his federal income tax returns for years before stopping. His accountant informed Street of his duty to file tax returns, and Street in fact retained that accountant because he (Street) was behind on his tax returns and wanted to become current. The jury was free to reject Street's testimony that he was acting with a good faith belief he was not required to file tax returns.

## B. Constructive Amendment

Street alleges the indictment was constructively amended because, while it charged him with failing to "make" an income tax return, the Government's theory of prosecution, reflected in the evidence presented at trial and the jury instructions, was that he failed to "file" a tax return for the relevant years.

"An indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively 'amend[s] the indictment by broadening the possible bases for conviction from that which appeared in [it].'" *McKee*, 506 F.3d at 229 (*quoting United States v. Lee*, 359 F.3d 194, 208 (3d Cir.2004)) (alteration in original).

However, as discussed above, there is no difference between "making" a tax return and "filing" a tax return. Failing to "file" a tax return is thus the same as—not broader than—failing to "make" a tax return. There was no error.

## C. Constitutional Right to Present a Meaningful Defense

During trial, Street subpoenaed two high-level government officials to testi-

**2.** 26 U.S.C. § 7203 provides, in relevant part, "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor...."

fy about whether IRA Form 1040 complied with the PRA. The District Court quashed the subpoenas, ruling that the proposed testimony had no relevance to the criminal charges. According to Street, this effectively deprived him of his constitutional right to present evidence in support of his defense theory, in violation of the Compulsory Process clause of the Sixth Amendment.[3] Street argues that he had a right to present testimony of Office of Management and Budget ("OMB") and IRS officials in support of his defense that he had a good faith belief he was not required to file tax returns based on the PRA.

This argument fails. Street must prove: "[f]irst, that he was deprived of the opportunity to present evidence in his favor; second, that the excluded testimony would have been material and favorable to his defense; and third, that the deprivation was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose." *Mills*, 956 F.2d at 446.

Street was allowed to present his PRA theory when he testified. There is no indication how the officials' testimony would have been material to his defense. As the Government notes, "Street has never explained how the testimony of high-level government witnesses he never met would impact on his subjective belief" that he need not file tax returns. Gov't Br. 31–32.

Indeed, defense counsel did not argue to the District Court at trial that these witnesses would provide testimony relevant to Street's subjective good faith belief. The defense argued instead that their testimony would be relevant because a failure to comply with the PRA is a defense to the failure to fill out tax forms. Gov't Supp'l App. 1303–08. As the District Court recognized, courts have repeatedly rejected this frivolous defense. *See, e.g., United States v. Patridge*, 507 F.3d 1092, 1094–95 (7th Cir.2007); *United States v. Neff*, 954 F.2d 698, 700 (11th Cir.1992) (concluding that "the PRA provides [the defendant] no refuge from his statutorily-imposed duty to file income tax returns"); *United States v. Hicks*, 947 F.2d 1356, 1359–60 (9th Cir. 1991) (holding that the PRA "constitutes no defense to prosecution under 26 U.S.C. § 7203," and noting that the "PRA was not meant to provide criminals with an all-purpose escape hatch"). Even if the PRA were violated (although we cannot fathom how, as Form 1040 in fact has a valid OMB control number), the obligation to file federal income tax returns stems from a federal statute, while the PRA applies to agency regulations, and thus the PRA has no effect on the IRS's ability to enforce the statutory obligations requiring taxpayers to file federal income tax returns.

## D. Ineffective Assistance of Counsel

Street's final issue on appeal is an ineffective assistance of counsel claim, based primarily on the issues related to those we reject above and as well as the Speedy Trial Act. "This Court generally does not review Sixth Amendment ineffective assistance of counsel claims on direct appeal," *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir.2007), and we will not do so here.

\* \* \* \* \* \*

For these reasons, we affirm Street's conviction.

---

**3.** To the extent Street's complaint is grounded in due process, we reach the same conclusion. *See Gov't of Virgin Islands v. Mills*, 956 F.2d 443, 446 n. 4 (3d Cir.1992) (noting that there is "apparently little, if any" difference between the analysis under the Due Process clause and the Compulsory Process clause).