T.C. Memo. 2016-41

UNITED STATES TAX COURT

JOSEPH G. SPICKO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4069-14.                    Filed March 7, 2016.

Joseph G. Spicko, pro se.

<u>Lewis A. Booth II</u> and <u>Paul C. Feinberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  In this income tax deficiency case for 2010 petitioner maintains that he had previously made a valid mark-to-market election, under section 475(f) and therefore he had no net taxable income and should not have

[*2] been required to file an income tax return.[1]  Not surprisingly, respondent disagrees and has determined a tax deficiency and additions to tax under sections 6651(a)(1) and (2) and 6654.

## FINDINGS OF FACT

Petitioner was a resident of Texas when the petition was timely filed.  He did not pay estimated tax, otherwise pay income tax, or file a Federal income tax return for 2010.  He received income from savings bonds of $25,685 and $75 of dividend income in 2010.

Petitioner admits he did not submit a mark-to-market election with an income tax return.  He alleges he submitted a notice of election to Ameritrade in March 2006.  There is no evidence this notice was ever submitted to the Internal Revenue Service (IRS), but we find it was submitted to Ameritrade.  He has not filed an income tax return since at least 2005.  Respondent made a substitute for return (SFR) for 2010 pursuant to section 6020(b).

## OPINION

A valid mark-to-market election is made by attaching a statement to a timely filed income tax return or to a request for an extension of time to file an income

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** tax return. Rev. Proc. 99-17, 1999-1 C.B. 503. Petitioner has the burden of proof in this matter as the record demonstrates that section 7491 does not apply to shift the burden. See Rule 142. He has failed to prove that a mark-to-market election was ever submitted to the IRS, and by his own admission no such election was submitted in accordance with the established procedures. We hold he has failed to make a valid mark-to-market election.

A mark-to-market election may be made without the consent of the Secretary and, once made, applies to the taxable year for which it is made and all subsequent taxable years unless revoked with the Secretary's consent. Sec. 475(f)(3). In order for a trader in securities to make a valid section 475(f) mark-to-market election, the trader must follow the procedure set forth in Rev. Proc. 99-17, supra. Poppe v. Commissioner, T.C. Memo. 2015-205. Generally, in order to make a valid mark-to-market election under section 475(f), a trader in securities must file a statement electing the mark-to-market accounting method no later than the due date for the tax return for the year immediately preceding the election year. Rev. Proc. 99-17, sec. 5.03, 1999-1 C.B. at 504.

The list of persons required to file income tax returns is found in section 6012. In general, section 6012 provides that returns with respect to income tax shall be made by every individual having, for the taxable year, gross income which

**[*4]** equals or exceeds the exemption amount for that year plus the standard deduction. See sec. 6012(a)(1)(A). For taxable year 2010 the personal exemption amount was $3,650 per person. See 2010 Instructions for Form 1040, U.S. Individual Income Tax Return. The standard deduction amount was $5,700 for individuals. See id. Therefore, any individual with gross income above $9,350 for taxable year 2010 was required to file an income tax return.[2]

Section 61 defines gross income as income from whatever source derived and enumerates a nonexclusive list of items that constitute gross income.

Petitioner has conceded that he received savings bond income of $25,685 and dividend income of $75 in taxable year 2010. The sum of these amounts exceeds the sum of the personal exemption and standard deduction amounts for taxable year 2010. Petitioner had a filing requirement for taxable year 2010 apart from the mark-to-market election as the sum of his gross dividend income and his savings bond income exceeds the sum of the personal exemption and standard deduction amounts.

Taxpayers may not avoid their obligation under the Internal Revenue Code to file a Federal tax return through reliance on the Paperwork Reduction Act (PRA). Rev. Rul. 2006-21, 2006-1 C.B. 745. Courts repeatedly have rejected

---

[2]All amounts listed apply to unmarried individuals.

**[*5]** PRA-based arguments on a number of alternative grounds. <u>United States v. Neff</u>, 954 F.2d 698, 699 (11th Cir. 1992); <u>see also</u> <u>Salberg v. United States</u>, 969 F.2d 379, 383 (7th Cir. 1992) (affirming conviction for tax evasion and failing to file a return, rejecting claims under the PRA); <u>United States v. Holden</u>, 963 F.2d 1114, 1116 (8th Cir. 1992) (affirming conviction for failing to file a return and rejecting argument in favor of acquittal premised on the fact that tax instruction booklets fail to comply with the PRA); <u>United States v. Hicks</u>, 947 F.2d 1356, 1359 (9th Cir. 1991) (affirming conviction for failing to file a return, finding requirement to provide information is required by statute, not by the IRS); <u>Lonsdale v. United States</u>, 919 F.2d 1440, 1445 (10th Cir. 1990) (finding the PRA inapplicable to "information collection request" forms issued during an investigation of an individual to determine tax liability); <u>United States v. Wunder</u>, 919 F.2d 34, 37 (6th Cir. 1990) (rejecting claim of a PRA violation and affirming conviction for failing to file a return). Some courts have simply noted that the PRA applies to forms themselves, not to the instructions; and because the Form 1040 does have a control number, there is no PRA violation. <u>See, e.g.</u>, <u>United States v. Dawes</u>, 951 F.2d 1189 (10th Cir. 1991). Other courts have held that Congress created the duty to file Federal income tax returns in section 6012(a) and "Congress did not enact the PRA's public protection provision to allow OMB

**[\*6]** [Office of Management and Budget] to abrogate any duty imposed by Congress." Neff, 954 F.2d at 699; see also Salberg, 969 F.2d at 383.

Petitioner has argued that the IRS has violated the PRA on numerous occasions because he has received several letters and notices from the IRS which do not contain an OMB control number. He has not provided any evidence or caselaw to support his position regarding the specific forms. However, the PRA does not relieve a taxpayer from legal requirements. As discussed earlier, petitioner had a legal obligation to file an income tax return pursuant to section 6012. Further, he was required to make a valid mark-to-market election pursuant to section 475(f) once he decided to change his method of accounting. Any failure by the IRS to conform to an administrative requirement does not relieve him of his duty to comply with these statutory requirements. See, e.g., Salberg, 969 F.2d 379.

Petitioner did not have reasonable cause for failing to timely file his 2010 Form 1040 and failing to timely pay his 2010 tax liability. Section 6651(a)(1) and (2) imposes additions to tax for failing to timely file a tax return and timely pay the taxes due unless the taxpayer can establish that such failures were due to "reasonable cause and not due to willful neglect". United States v. Boyle, 469 U.S. 241, 245 (1985) (quoting section 6651(a)(1)). Section 6654 likewise imposes

**[*7]** additions to tax in the event of an underpayment of a required installment of individual estimated tax but, as applicable herein, provides no exception for reasonable cause or lack of willful neglect. Rader v. Commissioner, 143 T.C. 376, 390 (2014), aff'd in part, 616 F. App'x 391 (10th Cir. 2015). The Commissioner bears the initial burden of production to introduce evidence that the additions to tax are applicable. See sec. 7491(c). The taxpayer then bears the burden of proving that the failures to file timely and to pay timely were due to reasonable cause and not willful neglect. Boyle, 469 U.S. at 245; Higbee v. Commissioner, 116 T.C. 438, 447 (2001). Because the parties agree that petitioner did not file an income tax return for taxable year 2009 or 2010, did not pay the tax due for taxable year 2010, and did not make estimated tax payments for his 2010 tax liability, respondent has met his burden. Accordingly, petitioner must prove that the untimely payment and untimely filing were due to reasonable cause and not willful neglect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

If the Commissioner meets this burden, to avoid the addition the taxpayer must present evidence sufficient to persuade the Court that the addition should not apply. Higbee v. Commissioner, 116 T.C. at 447. Petitioner has not provided any evidence of reasonable cause for his failure to timely file or failure to timely pay his 2010 tax liability. The only potential defense petitioner has offered is that he

[*8] did not have a filing obligation for taxable year 2010. As we have more fully explained above, this is an incorrect position. When asked during trial whether he had consulted with an adviser when formulating this position, he testified that he had not but rather came up with it on his own. This explanation is not evidence of reasonable cause. Petitioner has provided no other explanation for his behavior. The additions to tax are properly applied against petitioner for taxable year 2010.

The Court has considered all other arguments made by the parties and, to the extent not specifically addressed herein, has concluded that they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.