T.C. Memo. 2006-100

UNITED STATES TAX COURT

NORMAN P. SCHNELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7578-05L.            Filed May 11, 2006.

Norman P. Schneller, pro se.

<u>John W. Sheffield</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination).[1]  At issue is (1) whether respondent abused his

———————————

    [1]Unless otherwise indicated, all section references are to
                                        (continued...)

discretion in allowing the collection action to proceed, and (2) whether frivolous arguments advanced by petitioner warrant the imposition by this Court of a section 6673(a) penalty. We hold that respondent did not abuse his discretion and that a penalty under section 6673 is not warranted at this time.

## Background

At the time the petition in this case was filed, petitioner resided in McDonough, Georgia.

In the taxable year 2001, the year at issue, petitioner earned income of approximately $200,000, mostly consisting of wages he earned as director of sales of the Caribbean of Block Drug, Company, Inc. Petitioner stipulated receiving this income. Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2001. Respondent prepared a substitute for return (SFR). The SFR reflected a taxable income to petitioner of $205,593. On January 14, 2004, respondent issued a notice of deficiency to petitioner for 2001. Petitioner concedes that he received the notice of deficiency. In response to a notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing. On the Form 12153, petitioner listed his reason for disagreeing with the proposed levy action as "SFR Program--Math error." Attached to the Form

[1](...continued)
the Internal Revenue Code, as amended.

12153 was a letter requesting "early referral to appeals." Petitioner did not offer any collection alternatives nor any spousal defenses. An Appeals officer contacted petitioner to schedule a conference via telephone. The Appeals officer spoke with petitioner at the appointed time, and petitioner was given an opportunity to discuss the issues. Petitioner stated that he did not want to discuss the issues and wanted a response by mail. On March 21, 2005, petitioner received a notice of determination upholding the proposed levy action.

Petitioner filed a timely petition in this Court and was cooperative throughout the stipulation and hearing process.

## Discussion

Petitioner advances a plethora of tax protester arguments that attack the underlying tax liability rather than respondent's collection actions. In particular, petitioner argues that the exemption amount, pursuant to section 6012(a)(1)(A), is not defined by statute, and that a lack of a valid control number from the Office of Management and Budget (OMB), as required by the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (2000), excuses a failure to file returns.

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's

administrative determination for an abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 TC 176, 181-182 (2000).

Although petitioner received a statutory notice of deficiency for the taxable year 2001, he did not avail himself of the opportunity to file a petition for redetermination of the deficiency with this Court pursuant to section 6213(a). Consistent with section 6330(c)(2)(B), petitioner therefore was precluded from contesting his liability for the underlying taxes before the Appeals Office.  Goza v. Commissioner, supra at 182-183.  Therefore, the validity of petitioner's underlying tax liability is not properly at issue in this proceeding.  Id. at 183.

Nevertheless, petitioner continues to assert frivolous claims.  See, e.g., Pond v. Commissioner, T.C. Memo. 2005-255 (rejecting taxpayer's argument that exemption amount is not defined by statute); Saxon v. Commissioner, T.C. Memo. 2006-52 (taxpayer's contention that OMB control No. 1545-0074, on the Form 1040 is invalid and does not comply with the requirements of the PRA is groundless (citing James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992); United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992)).  Petitioner does not challenge the appropriateness nor the intended method of collection.  Nor does petitioner offer any alternative means of collection or raise any

spousal defenses.  Petitioner's only argument relating to respondent's collection actions is that respondent abused his discretion in relying on the Form 4340, Certificates of Assessments, Payments, and Other Specified Matters, to verify the assessment, an argument we have previously rejected.  <u>Davis v. Commissioner</u>, 115 T.C. 35, 40 (2000).[2]  Petitioner has not presented any evidence or arguments to convince us that respondent abused his discretion.  As a result, we hold respondent's determination was not an abuse of discretion, and respondent may proceed with the proposed collection action.  See <u>Sego v. Commissioner</u>, <u>supra</u> at 612.

Respondent urges us to impose a section 6673 penalty. Although petitioner's arguments are frivolous, we find that petitioner's cooperation in the stipulation process mitigated the delay, and therefore we choose not to impose the penalty at this time.  However, petitioner is warned that we may do so in the future if he continues to assert such frivolous claims before this Court.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]Petitioner stated this argument in his Motion For Production of Summary Record of Assessment, which this Court denied on Apr. 18, 2006.