T.C. Memo. 2007-44

UNITED STATES TAX COURT

SCOTT A. LEWIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16903-05.                    Filed February 27, 2007.

Scott A. Lewis, pro se.

<u>Robert A. Varra</u>, <u>Melinda G. Williams</u>, and <u>Tamara L. Kotzker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine a $9,619.40 deficiency in petitioner's 2003 Federal income tax and additions to tax of $2,164.37 under section 6651(a)(1), $248.21 under section 6654(a), and $529.07 under section

6651(a)(2).[1]  Following a trial that was held on September 11,
2006, we must decide (1) whether petitioner had unreported income
in the amounts determined by respondent, (2) whether petitioner
is liable for the 10-percent additional tax on early
distributions from his individual retirement account (IRA), (3)
whether petitioner is liable for the addition to tax determined
by respondent under section 6651(a)(1), (4) whether petitioner is
liable for the addition to tax determined by respondent under
section 6651(a)(2), (5) whether petitioner is liable for the
addition to tax determined by respondent under section 6654, and
(6) whether the Court should impose a penalty against petitioner
pursuant to section 6673.

                          FINDINGS OF FACT

     Some of the facts of the case were stipulated and are so
found.  When the petition was filed, petitioner resided in
Denver, Colorado.

     Petitioner received a distribution of $43,331 from the
Public Employees Retirement Association in 2003, for which he was
issued a Form 1099 that listed $42,154 as taxable.  Also in 2003,
petitioner received $24 of stock proceeds from United Shareholder
Services, Inc.

---

[1] Unless otherwise indicated, section references are to the
applicable versions of the Internal Revenue Code.  Rule
references are to the Tax Court Rules of Practice and Procedure.
Some dollar amounts have been rounded.

Petitioner failed to file Federal income tax returns for 2002 and 2003, and he did not make any estimated tax payments for 2003. In a notice of deficiency dated June 7, 2005, respondent determined a deficiency and additions to tax in petitioner's 2003 Federal income tax. Attached to the notice of deficiency was Form 4549, Income Tax Examination Changes, in which respondent included in petitioner's 2003 income the amount of $34,378, reflecting a taxable distribution of $42,154 and stock sales of $24. Petitioner was allowed a standard deduction of $4,750 and one personal exemption of $3,050. The Form 4549 further provided that petitioner was liable for the 10-percent premature distribution additional tax in the amount of $4,215.40 on the taxable portion of the distribution.

Petitioner timely petitioned this Court. Following a hearing at which the Court granted in part respondent's motion to strike certain portions of the petition, the petition consists of the following:

> FIRST ERROR
> 5. The notice of deficiency errs in its determination that Petitioner was a person required to make a return pursuant to 26 U.S.C. §§ 6012 or 6020(b).
> 6. The Commissioner made a determination pursuant to 26 U.S.C. § 6020(b).
> 7. The previous Examination/Audit was predicated on an unsigned, unverified, "blank" Form 1040, similar to IRM Exhibit 5.18.1-60, "Dummy" Form 1040.
> 8. Such a "*null sum*" document violates 26 U.S.C. §§ 6061 & 6065 and is insufficient for legal purpose, as determined by ***Cibrac v. C.I.R.*, *U.S. Tax Ct. 2003, 120 T.C. 163*.**

\*   \*   \*   \*   \*   \*   \*

12.   *Second*, the requirement to make a return at 26 U.S.C. § 6012 is "triggered" only when the Petitioner's income exceeds the "exempt amount."

13.   26 U.S.C. § 6012(a)(1)(D)(ii) assigns the "exempt amount" the same meaning as § 151(d).

\*   \*   \*   \*   \*   \*   \*

SECOND ERROR

\*   \*   \*   \*   \*   \*   \*

39.   Petitioner disputes the allegation he owes $9,619.40 as an increase in tax for tax year 2003.

\*   \*   \*   \*   \*   \*   \*

CLAIM OF PETITIONER

42.   *First*, Respondent alleges Petitioner received "compensation" or "remuneration" classified as a "taxable distribution" in the amount of $42,154.00 in 2003.

43.   Petitioner disputes the amount as to accuracy.

44.   Petitioner disputes the amount of the "taxable distribution" as "gain" or "income," as it represents total proceeds from the disbursement of brokerage items and not a "net" amount.

\*   \*   \*   \*   \*   \*   \*

50.   *Second*, Respondent alleges Petitioner received "compensation" or "remuneration" classified as "stock sales" in the amount of $24.00 in 2003.

51.   Petitioner disputes the amount of "stock sales" as "gain" or "income," as it represents total proceeds from the sale of brokerage items and not the "net" amount.

\*   \*   \*   \*   \*   \*   \*

THIRD ERROR

\*   \*   \*   \*   \*   \*   \*

60.   Petitioner disputes the allegation he owes $529.07 as an IRC 6651(a)(2) penalty for 2003.

\*      \*      \*      \*      \*      \*      \*

62.   Petitioner disputes the allegation he owes $2,164.37 as an IRC 6651(a)(1) penalty for 2003.

\*      \*      \*      \*      \*      \*      \*

64.   Petitioner disputes the allegation he owes $248.21 as an IRC 6654 penalty for 2003.

\*      \*      \*      \*      \*      \*      \*

FOURTH ERROR

\*      \*      \*      \*      \*      \*      \*

68.   Petitioner disputes the allegation he owes $594.47 as interest under IRC 6601 for 2003.

\*      \*      \*      \*      \*      \*      \*

CLAIM OF PETITIONER

\*      \*      \*      \*      \*      \*      \*

87.   Petitioner further disputes he owes a total deficiency of $13,155.51 for tax year 2003.

\*      \*      \*      \*      \*      \*      \*

FACTS UPON WHICH PETITIONER RELIES

\*      \*      \*      \*      \*      \*      \*

97.   The requirement for making a return at 26 U.S.C. § 6012 is dependent upon § 151(d).
98.   26 U.S.C. § 6012 only requires the making of a return if Petitioner's gross income exceeds the Congressionally assigned "exempt amount."

\*      \*      \*      \*      \*      \*      \*

RELIEF SOUGHT

\*      \*      \*      \*      \*      \*      \*

120.   The Petitioner is not liable for any determination of penalties and/or interest in the

notice of deficiency, nor any underlying liability determined by 26 U.S.C. §§ 6012 or 6020(b).

121. The Petitioner is not liable for any increase in tax of $9,619.40 for tax year 2003, pursuant to 44 U.S.C. § 3512.

122. The Petitioner is not liable for a penalty at 26 U.S.C. § 6651(a)(2) in the amount of $529.07 for tax year 2003, pursuant to 44 U.S.C. § 3512.

123. The Petitioner is not liable for a penalty at 26 U.S.C. § 6651(a)(1) in the amount of $2,164.37 for tax year 2003, pursuant to 44 U.S.C. § 3512.

124. The Petitioner is not liable for a penalty at 26 U.S.C. § 6654 in the amount of $248.21 for tax year 2003, pursuant to 44 U.S.C. § 3512.

125. The Petitioner is not liable for interest under IRC 6601 in the amount of $594.47 for tax year 2003, pursuant to 44 U.S.C. § 3512.

126. The Petitioner is not liable for total deficiencies in the amount of $13,155.51 for tax year 2003, pursuant to 44 U.S.C. § 3512.

127. Conversely, the Respondent is liable to Petitioner for an amount in excess of $2,500 as reimbursement of any administrative costs, court costs and any other expenses Petitioner has expended by reason of Respondent's erroneous determination.

Petitioner failed to submit to the Court a pretrial memorandum as required by the Court's standing pretrial order. On the day of trial, the Court filed respondent's motion for sanctions pursuant to section 6673. Petitioner failed to testify at trial and rested his case after his opening statement.

OPINION

1. Unreported Income

Section 61(a) provides that "gross income means all income from whatever source derived". Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass

Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)).  Section 61 specifically lists pension income as includable in a taxpayer's gross income.  Sec. 61(a)(11).  Proceeds from stock sales are likewise includable in a taxpayer's gross income.  Thus, the distribution of $42,154 that petitioner received from the Colorado Public Employees Retirement Association and the $24 in stock proceeds received by petitioner from United Shareholders Services, Inc. are included in petitioner's gross income for 2003.  While petitioner alleges in his petition that he is entitled to reduce this income to its "net" amount, the record contains no evidence that supports this allegation.

2.  10-Percent Additional Tax on Early Distributions From IRAs

Section 72(t) generally provides that a taxpayer is liable for a 10-percent additional tax on early distributions from a qualified retirement plan.  See sec. 4974(c)(4).  In 2003, petitioner received taxable distributions of $42,154 from his IRA.  Petitioner has not alleged or shown that he qualifies for any exception to the 10-percent additional tax and is thus liable for the additional tax on this amount.

3.  Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  The

addition equals 5 percent for each month that the return is late, not to exceed 25 percent in total. The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001). "Reasonable cause" requires petitioner to demonstrate that he exercised ordinary business care and prudence and nevertheless was unable to file his 2003 Federal income tax return by the due date. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

We have found that petitioner did not file a tax return for 2003. On the record before us, we find that respondent has satisfied his burden of production with regard to the section 6651(a)(1) addition to tax. See sec. 7491(c); Higbee v. Commissioner, supra. Petitioner has neither offered an explanation for his failure to file nor produced evidence to establish any reasonable cause for his failure to file the return. We sustain respondent's determination of an addition to tax under section 6651(a)(1).

4.   Addition to Tax Under Section 6651(a)(2)

Section 6651(a)(2) generally imposes an addition to tax for a failure to pay timely the amount of tax shown on a Federal income tax return.  The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return.  Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  Petitioner did not file a return for 2003.  At trial, the Court admitted a certified Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, covering petitioner's 2003 tax year.  The Form 4340 indicates that respondent prepared a substitute for return on March 11, 2005.  The record also includes an Individual Master File Tax Module for petitioner dated September 19, 2005; the Form 4549, Income Tax Examination Changes, pertaining to petitioner's 2003 tax year and dated April 8, 2005; and a Form 13496, IRC Section 6020(b) Certification, pertaining to petitioner's 2003 tax year and dated April 8, 2005.

A return made by the Secretary under section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2).  Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. No. 200 (2006).  The return must satisfy the requirements of section 6020(b), which provides as follows:

SEC. 6020(b). Execution of Return by Secretary.--

(1)  Authority of secretary to execute return.--If any person fails to make any return required by any

internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the secretary shall be prima facie good and sufficient for all legal purposes.

We have on several occasions addressed what constitutes a section 6020(b) return. See Wheeler v. Commissioner, supra. In Wheeler, we noted that the Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question and that in a case in which the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR satisfying the requirements of section 6020(b) was made. Wheeler v. Commissioner, supra; see Cabirac v. Commissioner, supra. Here, respondent did not prove that an SFR meeting the requirements had been made for 2003. Because the record does not contain evidence that petitioner failed to pay tax shown on a return for 2003, we conclude that respondent has failed to satisfy his burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax.

5. Addition to Tax Under Section 6654

Respondent determined that petitioner underpaid his estimated income tax and is liable for an addition to tax under

section 6654 for 2003. Section 6654 imposes an addition to tax on an individual taxpayer who underpays his estimated tax. The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c)(1); Wheeler v. Commissioner, supra. Each required installment of estimated tax is equal to 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is generally equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra. The due dates of the required installments for a calendar year taxpayer are April 15, June 15, and September 15 of the calendar year in question and January 15 of the following year. Sec. 6654(c)(2); Wheeler v. Commissioner, supra.

Respondent produced evidence establishing that petitioner did not file a return for 2003 and that petitioner had an income tax liability of $9,619.40 for 2003. The evidence was sufficient to permit the Court to make the analysis required by section 6654(d)(1)(B)(i). See Wheeler v. Commissioner, supra. Because petitioner did not file a return for the preceding taxable year, 2002, respondent has met his burden of producing evidence that

petitioner had a required annual payment for 2003 payable in installments under section 6654; analysis by the Court under section 6654(d)(1)(B)(ii) does not apply. See id. Respondent has met his burden of production under section 7491(c) with respect to the section 6654 addition to tax, and we sustain respondent's determination.

6.    Section 6673(a)(1) Penalty

Respondent moves the Court to impose a penalty on petitioner under section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)). We find that petitioner has advanced frivolous and groundless statements, contentions, and arguments. We further find that petitioner has instituted this proceeding primarily for delay. Under the circumstances presented, we shall impose on petitioner a penalty in the amount of $2,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered under Rule 155</u>.