T.C. Memo. 2008-196

UNITED STATES TAX COURT

NORMAN P. SCHNELLER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1510-08L.                    Filed August 21, 2008.

Norman P. Schneller, pro se.

Jennifer K. Martwick and Monica J. Miller, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination).[1]  This case is before the Court on respondent's

---

[1] Unless otherwise indicated, all section references are to
                                        (continued...)

motion for summary judgment and to impose a penalty under section 6673, and respondent's motion to permit levy.  The issues for decision are:  (1) Whether respondent's Appeals Office abused its discretion in determining to proceed with the collection action with respect to petitioner's unpaid income tax liability for tax year 2003; (2) whether the Court should impose a penalty in an appropriate amount, pursuant to section 6673, on the ground that petitioner instituted these proceedings primarily for delay and that petitioner's position is frivolous and/or groundless; and (3) whether respondent has shown good cause to lift suspension of the levy pursuant to section 6330(e)(2).

This case was calendared for hearing on respondent's above-referenced motions in Atlanta, Georgia, on September 15, 2008. Upon further review, it is determined that no material fact is in dispute and the arguments petitioner raised are unavailing; therefore a decision on the merits will be entered pursuant to the information contained in the record.

Background

At the time the petition in this case was filed, petitioner resided in McDonough, Georgia.

---

[1](...continued)
the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Prior Proceedings Regarding 2003 Tax Liability

Petitioner failed to timely file a Form 1040, U.S. Individual Income Tax Return, for the tax year 2003, and respondent sent petitioner a notice of deficiency. Petitioner filed a petition with this Court at docket No. 15548-05 that was replete with frivolous and/or groundless protester-type arguments. By order and decision, this Court granted respondent's motion for summary judgment, finding that petitioner had continued his efforts to advance the same meritless contentions he had raised in two previous proceedings and sustained respondent's deficiency determinations. The two previous cases were Schneller v. Commissioner, T.C. Memo. 2006-100 (sustaining the Commissioner's notice of determination for the tax year 2001), and Schneller v. Commissioner, docket No. 384-06L (granting the Commissioner's motion for summary judgment and sustaining the Commissioner's notice of determination for the tax year 2002).

## Present Proceeding

Respondent sent to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (notice), regarding the unpaid tax liability that had been assessed for the 2003 tax year. The notice advised petitioner of his option to schedule a collection due process (CDP) hearing with respondent's Appeals Office.

In response to the notice, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, to respondent's Appeals Office. Petitioner's stated reason for the CDP hearing was:

> Return has been filed with the Atlanta Service Center. See attached. Request Audit Redetermination. Levy premature. Request alternative collection procedures and reduction in penalties based on 1995 PRA [Paperwork Reduction Act]. OMB [Office of Management and Budget] # 1545-0074 was not issued in accordance with 44 U.S.C. 3506.

Petitioner did not offer any collection alternatives or spousal defenses.

By letter dated September 28, 2007, respondent's Appeals officer advised petitioner that a telephonic conference call was scheduled for October 30, 2007, at 1:30 p.m. (central time). Ten days before the scheduled telephonic conference call, petitioner sent a letter to the Appeals officer, dated October 20, 2007, in which he stated: "We will be out of town at the time of the phone conference. Please continue by correspondence." Attached to petitioner's letter was an "Appeals Protest". The "Appeals Protest" contained petitioner's continued attempt at advancing the same frivolous and groundless arguments he had asserted in prior proceedings. Petitioner's primary argument in this and prior proceedings revolves around his theory that the Paperwork Reduction Act (PRA) shields him from tax liability.

On December 13, 2007, respondent's Appeals Office issued to petitioner a notice of determination sustaining the proposed levy.  Petitioner timely filed a petition with the Court that contained the same frivolous and groundless arguments that the "public protection clause" of the PRA shields him from being assessed any penalties or additions to tax.  Petitioner states: "No person can be subject to any penalty for failing to file a form not issued in accordance with the Paperwork Reduction Act, ("PRA"), as delineated at 44 U.S.C. §§ 3506(c)(1)(B) & 3512(a)."

Respondent filed a motion for summary judgment alleging that petitioner's petition is based on frivolous allegations and arguments and asks for a penalty under section 6673 because petitioner has instituted these proceedings primarily for the purpose of delay and petitioner's petition is frivolous and groundless.  Respondent also filed a motion to permit levy. Petitioner has filed notices of objection to respondent's two motions relying primarily on the same protester types of frivolous arguments he had previously asserted in the petition.

## Discussion

### Motion for Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue as to any material fact,

and a decision may be rendered as a matter of law.  Rule 121(a) and (b); see also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985) (citing Jacklin v. Commissioner, 79 T.C. 340, 344 (1982), and Espinoza v. Commissioner, 78 T.C. 412, 416 (1982)); Naftel v. Commissioner, supra at 529.  When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  The motion, however, must be granted "if the Court is satisfied that no real factual controversy is present so that the remedy can serve 'its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried.'"  Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986) (quoting Lyons v. Bd. of Educ., 523 F.2d 340, 347 (8th Cir. 1975)).

In both the motion for summary judgment and the motion to permit levy, respondent argues that because petitioner's prior proceeding in Schneller v. Commissioner, docket No. 15548-05,

involved the same tax year at issue and because the Court entered a final decision as to the merits, section 6330(c)(2)(B) prevents petitioner from raising the underlying tax liability as an issue in this case.  We agree.

Section 6330(c)(2)(B) provides:

SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE
            LEVY.

           *      *      *      *      *      *      *

    (c) Matters Considered at Hearing.-- In the case
of any hearing conducted under this section-

           *      *      *      *      *      *      *

        (2) Issues at hearing.--

           *      *      *      *      *      *      *

            (B) Underlying liability.-- The person
        may also raise at the hearing challenges to
        the existence or amount of the underlying tax
        liability for any tax period if the person
        did not receive any statutory notice of
        deficiency for such tax liability or did
        otherwise have an opportunity to dispute such
        tax liability.

Petitioner received a notice of deficiency regarding his 2003 income tax liabilities.  Petitioner filed a petition contesting the deficiency, and our order and decision in that case (docket No. 15548-05) was entered on August 16, 2006.  As a result, petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability for tax

year 2003 in this proceeding. See <u>Burke v. Commissioner</u>, 124 T.C. 189, 194 (2005); see also sec. 6330(c)(2)(B).[2]

Where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).

In his responses to respondent's motions, petitioner has not presented any plausible arguments or alleged any facts to show that respondent abused his discretion. Instead petitioner's responses are replete with previously rejected tax protester types of arguments based primarily on the PRA. As petitioner has previously been told, his reliance on the PRA is frivolous and groundless. <u>Schneller v. Commissioner</u>, T.C. Memo. 2006-100; see also <u>Lewis v. Commissioner</u>, 523 F.3d 1272, 1275 (10th Cir. 2008), affg. T.C. Memo. 2007-44; <u>Wheeler v. Commissioner</u>, 521 F.3d 1289 (10th Cir. 2008), affg. 127 T.C. 200 (2006). We will not address these arguments "with somber reasoning and copious citation of

---

[2] In the motion for summary judgment, respondent notes that petitioner's delinquent 2003 Federal income tax return had been recently processed by respondent's Audit Reconsideration Division. After reconsideration, a portion of petitioner's tax liability for 2003 was abated as of Mar. 31, 2008. Pursuant to Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, petitioner's 2003 tax liability, including interest and failure-to-pay penalties, now totals $115,514.09. The Appeals officer did not abuse his discretion by declining to delay his determinations to await the uncertain outcome of petitioner's 11th hour request for audit reconsideration and the uncertain outcome of any audit reconsideration that might be granted. See <u>Jones v. Commissioner</u>, T.C. Memo. 2007-142.

precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). We find that respondent did not abuse his discretion.

Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not in excess of $25,000, if the proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position in such proceeding is frivolous or groundless. Section 6673(a)(1) applies to collection proceedings. See Pierson v. Commissioner, 115 T.C. 576 (2000); Hoffman v. Commissioner, T.C. Memo. 2000-198. "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)). As this Court has previously stated: "It is inappropriate that taxpayers who promptly pay their taxes should have the cost of Government and tax collection improperly increased by citizens apparently unwilling to obey the law or shoulder their assigned share of the Government cost." Burke v. Commissioner, supra at 197.

As indicated above, petitioner advanced the same frivolous and groundless arguments in three prior proceedings before this Court. Petitioner was warned that a section 6673(a) penalty might be imposed in the future if he continued to assert frivolous claims before the Court. See Schneller v. Commissioner, T.C. Memo. 2006-100.[3] Accordingly, we shall impose a $10,000 penalty pursuant to section 6673.

Motion to Permit Levy

Section 6330(e) provides:

SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

*     *     *     *     *     *     *

(e) Suspension of Collections and Statute of Limitations.--

(1) In general.-- Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending.  * * *

(2) Levy upon appeal.-- Paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at

---

[3] Petitioner's second warning came in the proceeding at docket No. 384-06L. Because petitioner had filed his petition at docket No. 384-06L before the release of Schneller v. Commissioner, T.C. Memo. 2006-100, the Court did not impose the sec. 6673 penalty. The Court did, however, again caution petitioner against raising such meritless contentions.

issue in the appeal and the court determines that
the Secretary has shown good cause not to suspend
the levy.

As discussed above, petitioner is barred under section

6330(c)(2)(B) from challenging the existence or amount of his

underlying tax liability for tax year 2003 in this proceeding.

Accordingly, the first requirement that respondent must meet in

order to have suspension of the levy lifted under section

6330(e)(2) is satisfied.  The only question is whether respondent

has shown good cause as to why the levy should no longer be

suspended.

We have previously held that "respondent may show good cause

that a levy should not be suspended where, as here, the taxpayer

has used the collection review procedure to espouse frivolous and

groundless arguments and otherwise needlessly delay collection."

Burke v. Commissioner, supra at 196-197.

Petitioner's use of frivolous and groundless arguments in

this proceeding can only be regarded as an attempt to delay

collection.  Accordingly, we shall grant respondent's motion to

permit levy.

To the extent not herein discussed, we have considered

petitioner's other arguments and found them to be without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.