T.C. Memo. 2011-275

UNITED STATES TAX COURT

WILLIAM J. LICHA AND ALICIA T. LICHA, A.K.A. ALICIA TOVAR,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14382-08.                    Filed November 17, 2011.


        R determined that Ps underreported income and claimed
excess deductions and expenses, causing deficiencies in
Federal income taxes, and are liable for accuracy-related
penalties pursuant to sec. 6662(a), I.R.C., for their 2001
through 2006 tax years.

        <u>Held</u>:  After a small concession by R with respect to
2006, Ps are liable for the remaining deficiencies and sec.
6662(a), I.R.C., penalties.


William J. Licha, for petitioners.

<u>Kris H. An</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition
for redetermination of income tax deficiencies that respondent
determined for petitioners' 2001 through 2006 tax years.[1]  After
respondent conceded $345 of petitioners' 2006 capital gain, the
issues for decision are:

(1) Whether petitioners failed to report on Schedules C,
Profit or Loss From Business, gross income of $48,000, $85,000,
$91,073, $276,371, $172,367, and $90,523, for the 2001 through
2006 tax years, respectively;

(2) whether petitioners received other unreported income of
$7,500, $22,000, and $9,626 for the 2002 through 2004 tax years,
respectively;

(3) whether petitioners are entitled to deduct additional
Schedule C expenses over and above those respondent allowed for
the 2001 through 2006 tax years;

(4) whether petitioners had unreported capital gains of
$123,778 for 2003 and $123,720 for 2006;

---

[1]Petitioner wife did not attend the trial.  Petitioner
husband (Mr. Licha) explained that she knew about the trial and
had authorized him to represent her but that she does not
understand English or petitioners' finances.

(5) whether petitioners are liable for section 6662(a) accuracy-related penalties for the 2001 through 2006 tax years;[2] and

(6) whether Mr. Licha is liable for a penalty under section 6673.

FINDINGS OF FACT

At the time they filed their petition with this Court, petitioners resided in California. Mr. Licha is a self-employed contractor who owned a construction company which served primarily as a framing subcontractor during the years at issue.

Petitioners timely filed their Forms 1040, U.S. Individual Income Tax Return, for 2001 through 2006. Petitioners hired Jagit Arora, an enrolled agent, who for the 2001 year worked for Jackson Hewitt Tax Service and thereafter for himself, and/or tax associates Neelu Arora and Harleen Chadha to prepare their 2001 through 2006 tax returns but did not provide them with any documentation. Mr. Licha would simply tell Mr. Arora or his associate "what I made total after I'd paid all my deductions, expenses, insurance, repairs and all this other stuff."

For each of the 2001, 2002, 2003, and 2004 tax years petitioners reported on Schedule C income of $25,000 and no expenses. For the 2005 tax year petitioners reported on Schedule

---

[2]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

C income of $26,070 with no expenses, and for the 2006 tax year they reported on Schedule C income of $29,125 with no expenses. Petitioners stipulated that they did not specify any of the expenses related to the construction business. Mr. Licha did not maintain any records related to his construction business. Petitioners reported only the net income from the business on their tax return without any breakdown of gross receipts and expenses. In fact, Mr. Licha knew what he earned and what his expenses were only by looking at his bank account balances.

During the years at issue petitioners had a checking account with Bank of America which Mr. Licha used as his primary business account. Petitioners also had accounts with Wells Fargo Bank and Citibank during the years at issue.

Petitioners did not provide any documentation to the examining agent; therefore, during the examination, a revenue agent summoned all of petitioners' bank account records and conducted a bank deposits analysis. The revenue agent examined all of petitioners' deposits and "if they were clearly for his construction business, they were made out to Licha Construction or the memo would say for a remodel or framing, then * * * [she] determined that they were gross receipts from his business".

After the examination the revenue agent met with Mr. Licha and reviewed respondent's proposed adjustments; at the meeting she allowed additional expenses on the basis of Mr. Licha's

reasonable oral explanations regarding specific expenses. After reviewing petitioners' bank account records and considering Mr. Licha's oral statements, the revenue agent determined the following adjustments to petitioners' construction business accounts as shown in table 1.

### Table 1

| Tax year | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|
| Gross receipts | $48,000 | $85,000 | $91,073 | $276,371 | $172,367 | $90,523 |
| Expenses (Other, labor, materials) | 40,009 | 39,827 | 28,068 | 176,913 | 95,584 | 80,951 |
| Net profit | 7,991 | 45,173 | 63,005 | 99,458 | 76,783 | 9,572 |

The revenue agent also determined that petitioners had unreported income unrelated to the construction business of $7,500, $22,000, and $9,626 for the 2002, 2003, and 2004 tax years, respectively. In addition the revenue agent allowed itemized deductions for taxable years 2001 through 2003 of $13,611, $21,442, and $21,654, respectively in lieu of the lesser amounts petitioners claimed on their tax returns.

On or about May 26, 1988, petitioners purchased a property at 19314 Valerio Street, Los Angeles, California (Valerio property). On November 13, 2003, Mr. Licha exchanged the Valerio property as part of a like-kind exchange. An element of the transaction was the use of the buyer's purchase payment, in part, to pay off Mr. Licha's loan against the Valerio property of

$163,873.25.  In return Mr. Licha received a property at 20036 Community Street, Winneika, California (Community property).

On or about April 20, 2006, petitioners sold the Community property as part of another like-kind exchange and received property at 2700 Columbus Street SE, Albany, Oregon (Columbus property) in return.  Petitioners also received $131,563.39 denominated in the closing documents as "boot" as a result of the exchange.  On or about November 27, 2006, petitioners sold the Columbus property for $229,900.

On March 12, 2008, respondent sent petitioners a notice of deficiency determining deficiencies in income taxes and section 6662(a) penalties as shown in table 2.

### Table 2

| Tax year | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|
| Deficiency | $2,020 | $14,845 | $43,202.00 | $34,721.00 | $26,030 | $20,293.00 |
| Sec. 6662(a) penalty | 404 | 2,969 | 8,640.40 | 6,944.20 | 5,206 | 4,058.60 |
| Total | 2,424 | 17,814 | 51,842.40 | 41,665.20 | 31,236 | 24,351.60 |

On or around May 31, 2008, Mr. Licha responded to the notice of deficiency by mailing a "PETITION OF PROTEST AND NOTICE OF APPEAL" to the Internal Revenue Service (IRS), stating that "I hereby, refuse this demand, for cause, based upon errors in fact and law.  I am not liable for the payment of this unsubstantiated and unattested demand."  Among other things, Mr. Licha demanded

that the IRS send him all laws, regulations, and instructions he would need for "perfecting my appeal" and "Your full legal name, a Copy of your Identification Card, Badge and Bond Numbers and your Social Security Numbers." Mr. Licha concluded by stating that "Failure to respond to this Notice within 10 days will mean you have acquiesced to this error and have cancelled this demand." The IRS returned Mr. Licha's document with a letter explaining that he must send the petition to this Court and that the IRS could not forward it.

Mr. Licha then timely mailed the above mentioned "PETITION OF PROTEST AND NOTICE OF APPEAL" to this Court along with the letter from the IRS. It was received and filed as petitioners' petition on June 11, 2008. On July 7, 2008, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. On July 10, 2008, petitioners were ordered to respond to the motion and/or file an amended petition containing any assignments of error that they alleged respondent had made.

On August 13, 2008, petitioners filed an amended petition with the Court. Petitioners objected to every adjustment respondent made in the notice of deficiency, in some instances alleging that they were owed a refund, and listed a variety of statutes they believed applied. The amended petition states that

> 44 U.S.C.S. 3512 states No person shall be subject to
> any PENALTY, if the INFORMATION COLLECTION REQUEST
> involved DOES NOT display a current OMB control No. per
> the Paperwork Reduction Act of 1980,(CFR page v). none

[sic] of the forms the IRS used to make additional assessment of Taxes and Penalties have VALID OMB CONTROL NUMBERS.

Mr. Licha also wonders, at the start of the last page of the amended petition: "Does the IRS have a PERSONABLE [sic] problem against Me". He states that

> Individuals who are citizens or residents of the United States and SUBJECT to its Jurisdiction. Title 27 USC - Judiciary and Judicial Procedures sec.297(a)(b) states the 50 Freely Associated Compact States are Countries, and 27 USC sec. 1746 (1)(2),states - WITHOUT the United States is the United States of America, and WITHIN the United States is Its Territores, Possessiones or Commwealths. [sic] Therefore I DETERMINED what I pay a Tax on is 26 USC 911(d)(2)(A)(B) based on 26 USC 911 (b)(1)(A) - Foreign Earned Income, as California is a Foreign Country to the United States, and Claim 26 USC 7701 (b)(B), as I am a Citizen and resident of the Republic State of California * * *. I have never made over $30,000.00 for the years 2001-2006, as the Illegal Mexicam [sic] Immigrants have taken over the Construction in Los Angelos [sic].

A trial was held on September 17, 2010, in Los Angeles, California.

Petitioners' pretrial memorandum inter alia does not dispute receipt of unreported income or allege that respondent erroneously excluded expenses from petitioners' construction business. Instead, Mr. Licha argues that he is not a citizen of the United States and, therefore, this Court does not have jurisdiction over him. Mr. Licha also reiterates his argument with regard to Office of Management and Budget (OMB) control numbers that "The 1040 Return Forms for the years 2001 to 2006 Do Not Display a VALID OMB CONTROL NO. * * *. No person can be

ADVERSELY EFFECTED [sic] by a matter REQUIRED to be published in the Federal Register and NOT so published."

At trial the Court attempted to explain to Mr. Licha that the OMB control numbers argument has been rejected by this Court and Courts of Appeals and provided him with copies of the caselaw. Mr. Licha was advised that this Court is not the proper forum for expressing disagreement with the Federal Government's tax laws and policies and that he should instead take them up with his elected representatives. At trial this Court warned Mr. Licha that if he made frivolous arguments and/or pursued his case merely for delay in addressing his tax obligations he could be subject to a penalty under section 6673.

OPINION

I. Jurisdiction and Burden of Production

A. Jurisdiction

We begin by confirming our jurisdiction in this case. Our jurisdiction to redetermine a Federal income tax deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Secs. 6212(a), 6213(a), 6214(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989).

B. Burden of Production

Section 61(a) specifies that "Except as otherwise provided", gross income includes "all income from whatever source

derived". The Commissioner's determination of a taxpayer's liability for an income tax deficiency is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The Court of Appeals for the Ninth Circuit, to which an appeal would lie absent a stipulation to the contrary, has held that where unreported income is involved, the presumption of correctness applies only after the Commissioner introduces some substantive evidence that the taxpayer received unreported income. Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977). If the Commissioner introduces such evidence, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.[3] See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

Respondent has introduced sufficient evidence connecting petitioners with the unreported income. Petitioners and respondent stipulated over 84 exhibits, including petitioners' bank account transactions evidencing income and expenses of the

---

[3]Although sec. 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioners have fallen far short of satisfying the prerequisites under sec. 7491(a)(1) and (2) for such a shift.

construction business, as well as documentation related to petitioners' real estate transactions.  Consequently, respondent's determination is entitled to the presumption of correctness.[4]

## II. Limitations Periods

In the amended petition, Mr. Licha seems to argue that he believes the limitations periods for the 2001, 2002, and 2003 tax years have expired.  As Mr. Licha properly notes, section 6501(e)(1)(A) applies and extends the limitations period to 6 years "If the taxpayer omits from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return".

As shown in table 1, supra p. 5, respondent determined petitioners' unreported Schedule C gross income to be:  $48,000, $85,000, $91,073, $276,371, $172,367, and $90,523, for 2001 through 2006, respectively.  All of the omissions are well above 25 percent of the amounts petitioners reported in income.

---

[4]Even if he was alleging that the unreported income was incorrect and arbitrary, Mr. Licha's tacit acknowledgment that he received alleged income is enough "minimal evidence" for the presumption of correctness to attach to the notice of deficiency.  Mr. Licha does not deny that he received income.  See Havrilla v. Commissioner, 978 F.2d 1265 (9th Cir. 1992) (affirming Tax Court's dismissal after the taxpayer had argued that the Commissioner failed to meet his burden of demonstrating that the taxpayer owed taxes on unreported income, yet the taxpayer did not dispute the receipt of wages, arguing instead only that the income was not taxable), affg. without published opinion T.C. Memo. 1991-497.

Therefore, section 6501(e)(1)(A) applies in this case. Respondent sent petitioners the notice of deficiency on March 12, 2008, which is less than 6 years from the April 15, 2002, filing deadline for petitioners' 2001 tax year, and the notice is therefore valid. This same is true for the 2002 and 2003 tax years at issue.

III. Recordkeeping Requirements

The taxpayer must maintain records adequate to substantiate his income and deductions. Sec. 6001 (the taxpayer "shall keep such records"); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). As in this case, when the taxpayer fails to maintain adequate books and records, the Commissioner is authorized to use whatever method he deems appropriate to determine the existence and amount of the taxpayer's income so long as it clearly reflects income. Sec. 446(b); Mallette Bros. Constr. Co., Inc. v. United States, 695 F.2d 145, 148 (5th Cir. 1983). The Commissioner has wide discretion in determining which method to apply, and reconstruction of the taxpayer's income "need only be reasonable in light of all surrounding facts and circumstances." Gowni v. Commissioner, T.C. Memo. 2004-154.

Petitioners did not present any documentation concerning the property swaps other than the documents respondent had subpoenaed from the mortgage companies. The documentation is sparse at best, and this Court cannot determine with precision petitioners'

basis in the original property and thus cannot compute the capital gains resulting from the transactions. We note that under section 1031(b) taxpayers must recognize the fair market value of any boot received in an exchange. Respondent determined that petitioners had capital gains in the amounts of the boot they received in the transactions minus what he determined were closing costs. Mr. Licha did not refute these determinations or address this issue on brief or at trial and did not present any additional documentation of his original basis. As petitioners had the burden of proof and completely failed to satisfy it, they are liable for the additional tax on capital gains respondent determined.

## IV. Bank Deposits Method of Proof

Respondent used the bank deposits method of proof to reconstruct petitioners' income for 2001 through 2006. "Deposits in a taxpayer's bank account are prima facie evidence of income, and the taxpayer bears the burden of showing that the deposits were not taxable income but were derived from a nontaxable source." Welch v. Commissioner, 204 F.3d 1228, 1230 (9th Cir. 2000), affg. T.C. Memo. 1998-121. "The bank deposits method assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account any nontaxable source or deductible expense of which it has knowledge." Clayton v.

Commissioner, 102 T.C. 632, 645-646 (1994) (citing DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), affd. 959 F.2d 16 (2d Cir. 1992)).  After the deposits have been shown to be "in the nature of income and to exceed what the taxpayers had reported as income, it became the taxpayers' responsibility" to show that the deposits were nontaxable.  Dodge v. Commissioner, 981 F.2d 350, 354 (8th Cir. 1992), affg. in part and revg. in part 96 T.C. 172 (1991).

Mr. Licha invoked the jurisdiction of this Court but has not denied receiving, and at trial did not produce evidence or rebut respondent's determination that he received and failed to report, gross income of:  $48,000, $85,000, $91,073, $276,371, $172,367, and $90,523, for 2001 through 2006, respectively. Rather, Mr. Licha argues that he does not owe the deficiencies because they have not been properly determined, he is not a U.S. citizen, and  the Forms 1040 did not contain the proper OMB control numbers.  Mr. Licha also did not attempt to identify expenses or provide any further documentation not already stipulated with regard to his construction business or his property swaps.

Mr. Licha's arguments are without merit and lack factual and legal foundation; hence "we are not obligated to exhaustively review and rebut petitioner's misguided contentions."  See Sanders v. Commissioner, T.C. Memo. 1997-452.  Writing detailed

opinions "to refute these arguments with somber reasoning and copious citation of precedent * * * might suggest that these arguments have some colorable merit."  See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984); see also <u>Nieman v. Commissioner</u>, T.C. Memo. 1993-533 (taxpayer's absurd arguments that he was a citizen of Illinois, not a citizen of the United States, and therefore he did not owe Federal income taxes were "no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions"); <u>Solomon v. Commissioner</u>, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

Mr. Licha repeatedly argued that his Forms 1040 lacked valid OMB control numbers, even after he had been warned by the Court that the argument was frivolous and he was provided with caselaw to that effect.  We remind Mr. Licha that in <u>Lewis v. Commissioner</u>, 523 F.3d 1272, 1277 (10th Cir. 2008), affg. T.C. Memo. 2007-44, the Court of Appeals stated that the arguments related to the OMB control numbers "have no merit and cannot be supported by caselaw.  We hold that Form 1040 satisfies the PRA [Paperwork Reduction Act] requirements".

As Mr. Licha did not challenge respondent's determination that he received and failed to report income of $48,000, $85,000, $91,073, $276,371, $172,367, and $90,523 for 2001 through 2006, respectively, and did not attempt to identify additional expenses

or provide any documentation with regard to his construction business or his property swaps, we sustain the deficiencies respondent determined for petitioners' tax years at issue.

V.    Section 6662(a) Penalties

Respondent determined that petitioners are liable for section 6662(a) accuracy-related penalties for their 2001 through 2006 tax years.  Pursuant to section 7491(c), the Commissioner has the burden of production with respect to a taxpayer's liability for a penalty and is, therefore, required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, "once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect."  Id. at 447.

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20 percent of the portion of any underpayment attributable to causes specified in subsection (b).  Respondent asserts two causes justifying the penalty:  A substantial understatement of income tax, subsec. (b)(2), and negligence, subsec. (b)(1).

There is a "substantial understatement" of income tax for any tax year where the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the

return for the tax year or in the case of an individual (2) $5,000. Sec. 6662(d)(1)(A). "'[N]egligence' includes any failure to make a reasonable attempt to comply with the provisions of this title" (i.e., the Internal Revenue Code). Sec. 6662(c). Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

Respondent met his burden of production under both causes, and Mr. Licha addressed the section 6662(a) penalties only in reference to his OMB control numbers argument discussed above. Mr. Licha presented no evidence that he had reasonable cause for any portion of any underpayment.[5] Petitioners are liable for the penalties.[6]

---

[5]There is an exception to the sec. 6662(a) penalty when a taxpayer can demonstrate: (1) Reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1).

[6]We note that Mr. Licha did not argue that he relied on his tax return preparer(s), nor could he, as he did not supply them with the necessary business records. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

## VI.  Section 6673 Penalty

We again remind Mr. Licha that section 6673(a)(1) authorizes us to impose a penalty not in excess of $25,000 on a taxpayer for instituting or maintaining proceedings primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'"  Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).  We have exercised restraint in not penalizing petitioners under section 6673.  However, if Mr. Licha insists on continuing his tax-protester rhetoric in this Court, we will be inclined to impose a section 6673 penalty in the future.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

under Rule 155.